**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4274

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUBEN CAMPOS-ARROLLO, a/k/a Frumencio Soto-Pineda,

Defendant - Appellant,

No. 22-4283

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRUMENCIO SOTO-PINEDA, a/k/a Emilio Gusman, a/k/a Ruben Campos-Arrollo,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00489-D-1; 5:21-cr-00053-D-1)

Submitted:  January 17, 2023                    Decided:  January 19, 2023

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF**: Jenna T. Blue, BLUE LLP, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Campos-Arrollo[*] pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846; and possession with intent to distribute and distribution of methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 2. The district court sentenced him to 258 months' imprisonment. At the same hearing, the district court also revoked Campos-Arrollo's term of supervised release imposed for a 2010 conviction and sentenced him within the policy statement range to a new term of 18 months' imprisonment. In this consolidated appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Campos-Arrollo's 258-month sentence for the methamphetamine convictions is reasonable. Campos-Arrollo was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Campos-Arrollo's appeal of his sentence for the methamphetamine offenses pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir.

---

[*] Although this appeal involves two consolidated cases wherein the appellant is named Ruben Campos-Arrollo in the lead case and Frumencio Soto-Pineda in the secondary case, this opinion refers to the appellant only as Ruben Campos-Arrollo.

3

2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Campos-Arrollo knowingly and intelligently waived his right to appeal his convictions and sentence for the methamphetamine offenses, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raises fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Campos-Arrollo's valid appellate waiver. Specifically, although the revocation of Campos-Arrollo's supervised release falls outside the scope of the appeal waiver invoked by the Government, we discern no error in this revocation or the 18-month revocation sentence imposed by the district court. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Campos-Arrollo, in writing, of the right to petition the Supreme Court of the United States for further review. If Campos-Arrollo requests that a petition be filed, but counsel believes that such a petition would be frivolous,

4

then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Campos-Arrollo.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*